UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANNY PATTERSON | * | NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | JUDGE: |
| BLUE OFFSHORE BV | * | MAGISTRATE: |
| AKER SOLUTIONS, INC. AND FMC | * | JUDGE: |
| TECHNOLOGIES, INC. | * | |

**************************************************************************

## SEAMAN′S COMPLAINT FOR DAMAGES

The Complaint of **DANNY PATTERSON**, a person of the full age of majority with

respect represents:

### I.

Defendant, **BLUE OFFSHORE BV** a foreign company within the jurisdiction of this

Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive

as prayed for herein, together with legal interest thereon from date of judicial demand until

paid and for all costs of these proceedings for the following, non-exclusive, acts of

negligence, as more specifically set forth below.

### II.

Defendant, **AKER SOLUTIONS, INC.** a foreign corporation doing business within

the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto

plaintiff for all damages to which he is entitled to receive as prayed for herein, together with

legal interest thereon from date of judicial demand until paid and for all costs of these

proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

## III.

Defendant, **FMC TECHNOLOGIES, INC.** a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

## IV.

Jurisdiction of this Court is invoked under the Jones Act, Diversity and General Maritime Law.

## V.

On or about August 21, 2012, **DANNY PATTERSON** was employed by **BLUE OFFSHORE BV** as a Jones Act Seaman aboard the M/V SIMON STEVIN.

## VI.

On or about August 21, 2012, plaintiff **DANNY PATTERSON** experienced serious injuries to his knee and leg due to unsafe, faulty and improper umbilical equipment while he was assigned to the M/V SIMON STEVIN.

## VII.

At all pertinent times herein, and prior to plaintiff's injury, defendant **FMC TECHNOLGOIES, INC.** had been contracted to provide the subsea umbilical equipment of the project pursuant to a $190 Million dollar contract it had been awarded.

## VIII.

At all pertinent times herein, and prior to plaintiff's injury, defendant **AKER SOLUTIONS** had been sub-contracted to provide the subsea umbilical equipment being used at the time of plaintiff's injury.

## IX.

On information and belief, plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **BLUE OFFSHORE BV, AKER SOLUTIONS, INC. AND FMC TECHNOLOGIES, INC.**, jointly and severally, in the following, non-exclusive respects:

a) **FMC TECHNOLOGIES** in failing to provide proper and safe umbilical equipment for the job in question;

b) **FMC TECHNOLOGIES** in failing to ensure that the contracted work was performed in a safe and workmanlike manner;

c) **FMC TECHNOLOGIES** in failing to take steps to remedy the improper and unsafe umbilical equipment once it was known or should have been known to it through the exercise of reasonable care;

d) **FMC TECHNOLOGIES** in failing to satisfy, and hence breach of, the terms of its contract of which plaintiff was a third party beneficiary;

e) **AKER SOLUTIONS** in failing to provide proper and safe umbilical equipment for the job in question;

f) **AKER SOLUTIONS** in failing to ensure that the contracted work was performed in a safe and workmanlike manner;

g) **AKER SOLUTIONS** in failing to take steps to remedy the improper and unsafe umbilical equipment once it was known or should have been known to it through the exercise of reasonable care;

h) **AKER SOLUTIONS** in failing to satisfy, and hence breach of, the terms of its contract of which plaintiff was a third party beneficiary;

i) **BLUE OFFSHORE BV** in failing to provide plaintiff with a safe place to work and other violations of the Jones Act as will be shown at trial; and

All defendants for all other negligent, dangerous and unsafe acts as will be shown at the trial of this matter and as may be revealed through discovery.

## X.

As a direct result of the negligence of the defendants plaintiff **DANNY PATTERSON** is entitled to recover from the defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1)    Past, present and future physical, mental and emotional pain and suffering;

(2)    Past, present and future loss of wages, fringe benefits and wage earning capacity;

(3)    Past and future physical disability;

(4)    Past, present and future medical expenses; and

(5)    All other special and general damages as will be shown at the trial of this matter.

## XI.

Pursuant to the General Maritime Law of the United States of America, **BLUE OFFSHORE BV** had and continues to have the absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

## XII.

As a result of the aforementioned accident, plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

## XIII.

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Plaintiff further alleges **BLUE OFFSHORE BV** failed to honor its maintenance and cure obligation, and the plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendant which may have resulted in a deterioration of the plaintiff's medical condition.

## XIV.

Plaintiff specifically alleges a claim for punitive damages against all defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of **BLUE OFFSHORE BV** to pay maintenance and cure benefits but also for any gross negligence of any defendant as may be allowed under maritime law.

**XV.**

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** plaintiff prays that **BLUE OFFSHORE BV, AKER SOLUTIONS, INC.  AND FMC TECHNOLOGIES, INC.** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the plaintiff, **DANNY PATTERSON** and against the defendants, **BLUE OFFSHORE BV, AKER SOLUTIONS, INC. AND FMC TECHNOLOGIES, INC.** for all damages to which the plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **BLUE OFFSHORE BV** be cast in judgment for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

*S/Timothy J. Young*
TIMOTHY J. YOUNG (22677)
JASON MACFETTERS (29617)
TAMMY D. HARRIS (29896)
The Young Firm
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101