**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DANNY PATTERSON**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 13-0337**

**BLUE OFFSHORE B.V., ET AL.**                         **SECTION: "G" (3)**

## ORDER AND REASONS

Before the Court is Defendant Blue Offshore B.V.'s ("Blue Offshore") Motion to Dismiss for Lack of Personal Jurisdiction.[1] The Court has considered the motion, the filings, the record, and the applicable law. For the reasons discussed below, the Court will deny the motion without prejudice to allow Patterson to conduct limited discovery on jurisdiction.

## I. Background

Danny Patterson is a Texan who alleges that he was injured on August 21, 2012, while working for Blue Offshore aboard the M/V SIMON STEVIN off the Russian coast.[2] Blue Offshore is a business entity registered and located in the Netherlands.[3] Patterson's Complaint alleges that "unsafe, faulty and improper umbilical equipment" caused him "serious injuries to his knee and leg,"[4] and he accuses Blue Offshore of failing to provide a safe workplace in violation of the Jones Act. Patterson likewise alleges that Defendants FMC Technologies, Inc., and Aker Solutions, Inc., acted negligently in providing unsafe umbilical equipment; neither of these defendants is involved in the pending motion.

---

[1] Rec. Doc. 19.
[2] Rec. Doc. 1 (Compl.) at ¶¶ 5-6; Rec. Doc. 20 (First Supplemental and Amended Compl.) at ¶¶ 16-17.
[3] Rec. Doc. 19-2 (Affidavit of Evert-Jan van Wijk) at ¶ 3.
[4] Rec. Doc. 1 at ¶ 6.

Patterson filed this lawsuit on February 22, 2013.[5] Blue Offshore filed the pending motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) on July 3, 2013.[6] The matter was set for submission on July 31, 2013. Since that time, Blue Offshore filed a Motion to Stay Discovery on September 20, 2013, pending the outcome of this motion;[7] Patterson on the same day filed a Motion to Compel Discovery, wherein he seeks to compel discovery of jurisdiction-related information.[8]

## II. Law and Analysis

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof."[9] As the Fifth Circuit has explained, discovery "on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact."[10] If the proposed jurisdictional discovery "could not have added any significant facts," the Fifth Circuit will affirm a denial of the plaintiff's request to conduct such discovery.[11] However, when the motion to dismiss challenges the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue."[12] The court considering the Rule 12(b)(2) motion "has discretion as to the type and amount of discovery to allow."[13]

---

[5] Rec. Doc. 1.
[6] Rec. Doc. 19.
[7] Rec. Doc. 42.
[8] *See* Rec. Doc. 43.
[9] *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) (citation omitted).
[10] *Id.* at 283 (citation omitted).
[11] *Id.*
[12] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).
[13] *Id.*

Blue Offshore asserts that it does not have sufficient minimum contacts with the United States to confer personal jurisdiction over it by this Court. However, the Court notes that the parties have not yet conducted any discovery in this case.[14] Having reviewed the filings and affidavits submitted for the purposes of this motion, the Court cannot find that the jurisdictional discovery Patterson has requested "could not [add] any significant facts" necessary to resolve the jurisdictional inquiry. Accordingly,

**IT IS HEREBY ORDERED** that Blue Offshore's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that limited discovery, as outlined in Patterson's Motion to Compel Discovery,[15] be allowed to be taken from Blue Offshore;

**IT IS FURTHER ORDERED** that the parties set a status conference with the magistrate judge at the close of the 90-day period;

**IT IS FURTHER ORDERED** that Patterson's Motion to Compel[16] and Blue Offshore's Motion to Stay Discovery[17] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this _____8th_____ day of October, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[14] *See* Rec. Doc. 48 (Joint Status Report filed October 2, 2013) at p. 3.
[15] Rec. Doc. 43.
[16] Rec. Doc. 43.
[17] Rec. Doc. 42.