UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY PATTERSON | CIVIL ACTION |
| VERSUS | CASE NO. 13-0337 |
| BLUE OFFSHORE BV, et al. | SECTION: "G" (3) |

**ORDER AND REASONS**

This litigation arises from an accident that occurred at sea off the coast of Russia. Presently pending before the Court is defendant FMC Kongsberg Subsea AS's "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)."[1] Having reviewed the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the pending motion without prejudice to permit Patterson to conduct further discovery limited to personal jurisdiction.

**I. Background**

*A.   Factual Background*

In his complaint, Plaintiff Danny Patterson alleges that he injured his knee and leg on August 21, 2012 while working for Blue Offshore as a Jones Act Seaman on the vessel "M/V Simon Stevin," then located off the coast of the Russian Federation.[2] Patterson, claiming negligence, alleges that Defendants FMC Technologies, Inc. ("FMCTI"), FMC Eurasia, LLC ("FMC Eurasia"), FMC Kongsberg Subsea AS ("FMC Kongsberg"), Aker Solutions, Inc. ("Aker"), Aker Subsea AS ("Aker Subsea"), and Blue Offshore "jointly and severally" caused his injuries, which rendered him unfit

---

[1] Rec. Doc. 90.

[2] Rec. Doc. 1 at 2; Rec. Doc. 20 at 1.

1

for duty.³ Specifically, Patterson alleges that FMCTI, FMC Eurasia, FMC Kongsberg, Aker, and Aker Subsea served as contractors charged with providing sub-sea umbilical equipment and technical supervision on the project where he sustained his injuries.⁴ According to Patterson: (1) the FMC defendants and Aker provided "unsafe, faulty, and improper" umbilical equipment; (2) FMCTI, FMC Eurasia, and the Aker defendants failed to perform their contracted work safely or provide technical supervision; (3) FMCTI, FMC Eurasia, and Aker breached the terms of their contracts, to which Patterson was a third-party beneficiary; (5) the Aker defendants failed to remedy the unsafe umbilical equipment; and (5) Blue Offshore failed to provide Patterson with a safe place to work.⁵

### B.     *Procedural Background*

Patterson filed the present lawsuit on February 22, 2013.⁶ On July 3, 2013, Blue Offshore filed a "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to 12(b)(2)."⁷ Patterson filed an opposition on July 23, 2013.⁸ On August 2, 2013, with leave of Court, Blue Offshore filed a reply in further support of its motion.⁹ That same day, Patterson, with leave of Court, filed a supplemental

---

³ Rec. Doc. 1 at 2–3, 5; Rec. Doc. 73 at 1–2.

⁴ Rec. Doc. 1 at 3; Rec. Doc. 73 at 1–2.

⁵ *Id.* at 3–4.

⁶ Rec. Doc. 1. Aker filed an answer on May 20, 2013, and Blue Offshore filed an answer on June 26, 2013. Rec. Doc. 6; Rec. Doc. 17. Patterson filed his "First Supplemental and Amended Complaint" on July 11, 2013; Blue Offshore and FMCTI both filed answers on July 23, 2013. Rec. Doc. 20; Rec. Doc. 23; Rec. Doc. 24. Aker filed an answer on July 25, 2013. Rec. Doc. 28.

⁷ Rec. Doc. 19.

⁸ Rec. Doc. 27.

⁹ Rec. Doc. 34.

opposition.[10] On September 20, 2013, Blue Offshore filed a "Motion to Stay Discovery Pending Resolution of Motion to Dismiss for Lack of Personal Jurisdiction,"[11] and Patterson filed a "Motion to Compel Discovery."[12] Blue Offshore filed an opposition to Patterson's motion on October 1, 2013, and Patterson filed an opposition to Blue Offshore's motion on the same day.[13] On October 8, 2013. the Court: (1) denied without prejudice Blue Offshore's Motion to Dismiss; (2) ordered that limited discovery be taken from Blue Offshore; and (3) denied as moot Patterson's Motion to Compel and Blue Offshore's Motion to Stay Discovery.[14]

Blue Offshore re-urged its "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to 12(b)(2)" on February 21, 2014.[15] Patterson filed an opposition to Blue Offshore's re-urged motion on March 11, 2014.[16] On April 11, 2014, with leave of Court, Blue Offshore filed a reply in further support of its motion.[17] Patterson filed his "First Supplemental and Amending Complaint" on May 13, 2014, adding FMC Eurasia, FMC Kongsberg, and Aker Subsea as defendants.[18] FMCTI

---

[10] Rec. Doc. 37.

[11] Rec. Doc. 42.

[12] Rec. Doc. 43.

[13] Rec. Doc. 46; Rec. Doc. 47.

[14] Rec. Doc. 49 at 3.

[15] Rec. Doc. 53.

[16] Rec. Doc. 55.

[17] Rec. Doc. 63.

[18] Rec. Doc. 73.

filed an answer on June 9, 2014;[19] Aker filed an answer on June 12, 2014.[20] FMC Kongsberg filed a "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)"[21] on August 26, 2014, and Aker Subsea filed a "Motion to Dismiss" on September 16, 2014.[22] Patterson filed an opposition to FMC Kongsberg's motion to dismiss on September 9, 2014, and filed an opposition to Aker Subsea's motion to dismiss on September 23, 2014.[23] On October 2, 2014, Patterson filed an unopposed motion to continue the hearing on Aker Subsea's motion in order to facilitate further jurisdictional discovery.[24] The Court granted the motion on October 3, 2014, resetting the hearing on the motion to January 7, 2015.[25]

## II. Parties' Arguments

### A.   *FMC Kongsberg's "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)."*

In its memorandum in support of its motion to dismiss, FMC Kongsberg contends that this Court lacks both general and specific jurisdiction over it, because FMC Kongsberg: (2) [l]acks the continuous and systematic contacts with the United States required to support general jurisdiction, thereby making jurisdiction over it offensive to traditional notions of fair play and substantial justice; and (2) FMC Kongsberg lacks any "minimum contacts" with the forum related to Patterson's

---

[19] Rec. Doc. 82.

[20] Rec. Doc. 84.

[21] Rec. Doc. 90.

[22] Rec. Doc. 97.

[23] Rec. Doc. 91; Rec. Doc. 99.

[24] Rec. Doc. 100.

[25] Rec. Doc. 101.

claims, has not "'purposefully availed itself of the benefits and protections of Louisiana or the United States, and therefre is not subject to the Court's specific jurisdiction.[26]

### 1. General Jurisdiction

According to FMC Kongsberg, this Court lacks general jurisdiction over it because, although Patterson has alleged that it is a "foreign corporation within the jurisdiction of this Honorable Court," he does not make any other allegations to support this conclusion.[27] FMC Kongsberg cites to an affidavit submitted by Tomas Bille, its legal counsel, in support of the proposition that it has no contacts with Louisiana or United States, "let alone the type of continuous and systematic contacts that would permit this Court to exercise general jurisdiction over FMC Kongsberg."[28] Indeed, FMC Kongsberg argues, the company "does no business and performs no work in Louisiana or the United States," demonstrating that it has not deliberately engaged in significant activities within the forum or the United States that would make it reasonable to require it to litigate here.[29] Further, FMC Kongsberg contends, even if Patterson could show that it did some "limited regular business" within the United States, "any conceivable contacts would be insufficient to support this Court's exercise of general jurisdiction" over it.[30]

FMC Kongsberg contends that its contacts with Louisiana, "if any, which is denied," do not suffice "to support the demand that the corporation be amenable to suits unrelated to that activity,"

---

[26] Rec. Doc. 90–1 at p. 10.

[27] Rec. Doc. 90–1 at p. 6.

[28] *Id.* (citing Rec. Doc. 90–2).

[29] *Id.* at p. 7.

[30] *Id.*

5

and are not "so substantial and of such a nature as to justify suit against it on causes of actions arising from dealings entirely distinct from those activities."[31]

### 2. Specific Jurisdiction

FMC Kongsberg further argues that this Court lacks specific jurisdiction over it, because "there is no claimed relationship between the alleged acts and/or omissions of FMC Kongsberg" and the State of Louisiana or the United States.[32] FMC Kongsberg contends that "the alleged incident giving rise to Plaintiff's claims occurred wholly outside the United States and in the territorial waters of a foreign country," and that "plaintiff has not alleged, nor can he show, that any contract under which FMC Kongsberg was providing equipment onboard the M/V SIMON STEVIN was negotiated, delivered, entered into, executed, or performed in the Louisiana or the United States."[33] FMC Kongsburg further maintains that Patterson cannot "point to any contractual relationship between he and FMC Kongsberg related to his cause of action."[34] Thus, FMC Kongsberg maintains, Patterson has failed to allege the requisite "purposeful availment" required for the exercise of jurisdiction consistent with due process.[35] FMC Kongsberg contends that "the only contract to which FMC Kongsberg was a party that is germane to the plaintiff's claims" was its contract with Gazprom Dobycha Shelf LLC for the equipment related to the project in Russia where Patterson was allegedly

---

[31] *Id.* at p. 8.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at pp. 8–9.

injured.[36] Citing to Tomas Bille's deposition, FMC Kongsberg contends that "plaintiff's cause of action (that FMC Kongsberg improperly provided equipment on the M/V SIMON STEVIN) relates only to alleged acts or omissions that occurred in a foreign country," depriving Patterson's tort claims of the factual nexus necessary to sustain specific jurisdiction in this Court.[37]

### B.    *Patterson's Opposition to FMC Kongsberg's Motion*

In his opposition to FMC Kongsberg's motion, Patterson contends that additional discovery is necessary in the present case, since FMC Kongsberg made its initial appearance on August 26, 2014 with its motion to dismiss, and specific jurisdictional discovery has not yet been conducted.[38] Patterson acknowledges that Tomas Bille has been deposed, but avers that Bille, in his deposition, referenced secondment agreements in which "[t]his very defendant sends its employees to the United States to work," and that such conduct must be "discovered and developed" to determine its jurisdictional significance.[39] Patterson requests sixty (60) to ninety (90) days be allotted for jurisdictional discovery,[40] and contends that the jurisdictional discovery will not interrupt the March 23, 2015 trial date.[41]

### C.    *FMC Kongsberg's Reply*

In its reply, FMC Kongsberg contends that despite having had nearly four months to conduct

---

[36] *Id.* at p. 9.

[37] *Id.*

[38] Rec. Doc. 91 at p.1.

[39] *Id.* at p. 2.

[40] *Id.* at p. 3. Patterson also notes that he has "not had the opportunity to traverse the supporting affidavit." *Id.*

[41] *Id.*

7

jurisdictional discovery, Patterson waited until September 11, 2014, after FMC Kongsberg filed the present motion, to begin doing so.[42] Moreover, FMC Kongsberg argues, Patterson "fully traversed" the issue of the secondment agreements, and Bille's testimony made clear that "FMC Kongsberg does not employ any US citizens in the United States," and that "there were no secondment agreements in place for any FMC Kongsberg employees" during the project in which Patterson was allegedly injured.[43] FMC Kongsberg therefore contends that Patterson's request for jurisdictional discovery "is simply a delay tactic," and that no additional discovery will change the allegedly undisputed fact that it has not purposefully availed itself of the benefits and protections of Louisiana law or the law of the United States.[44]

### III. Law and Analysis

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence."[45] District courts "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation."[46] In resolving the motion, this Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[47]

---

[42] Rec. Doc. 95 at pp. 1–2.

[43] *Id.* at p. 2.

[44] *Id.* at 2–3.

[45] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citations omitted).

[46] *Id.*

[47] *Id.*

Discovery relating to personal jurisdiction "need not be permitted unless the motion to dismiss raises issues of fact."[48] When the Court orders discovery related to personal jurisdiction, it "has discretion as to the type and amount of discovery to allow."[49]

FMC Kongsberg contends that this court may not exercise either specific or general personal jurisdiction over it because: (1) it does not have minimum contacts with Louisiana or the United States, much less the continuous and systematic contacts required for the exercise of general jurisdiction; (2) Patterson has not connected his claimed injury to any conduct undertaken by FMC Kongsberg in Louisiana or the United States; and (3) further discovery regarding personal jurisdiction would not change these alleged facts. Patterson argues that Bille's deposition raised questions regarding whether FMC Kongsberg participates in secondment agreements in which its employees are tasked to work on projects in the United States, and that sixty to ninety days of discovery would enable it to probe the jurisdictional significance, if any, of these alleged agreements.

In light of Patterson and FMC Kongsberg's apparent disagreement regarding the scope and possible jurisdictional effect of FMC Kongsberg's alleged involvement in secondment agreements, it is evident that FMC Kongsberg's motion to dismiss has raised issues of fact. Since the nature of the secondment agreements relates directly to FMC Kongsberg's contacts, if any, with Louisiana and the United States, these issues of fact are significant for jurisdictional purposes. Although FMC Kongsberg points out that Patterson failed to initiate discovery until after FMC Kongsberg filed its

---

[48] *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). *See also Alpine View Co., Ltd. v. Atlast Copco AB*, 205 F.3d 208 ("[T]his Court affirms denials of discovery on questions of personal jurisdiction in cases where discovery sought 'could not have added any significant facts.'").

[49] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235 (5th Cir. 2008).

motion to dismiss, Patterson's delay in initiating discovery has no bearing on the jurisdictional significance of the alleged secondment agreements.

### IV. Conclusion

Considering Bille's affidavit and testimony, the parties' arguments, and the applicable law, the Court will deny FMC Kongsberg's motion without prejudice and order that limited discovery be taken regarding FMC Kongsberg's involvement in secondment agreements involving United States parties or work performed in the United States. Accordingly,

**IT IS HEREBY ORDERED** that FMC Kongsberg Subsea AS's "Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)"[50] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Patterson and FMC Kongsberg Subsea AS are permitted to conduct discovery related to FMC Kongsberg Subsea AS's alleged secondment agreements for up to sixty (60) days following the entry of this order, with discovery terminating no later than January 12, 2015.

**IT IS FURTHER ORDERED** that FMC Kongsberg Subsea AS may re-urge its pending motion after January 12, 2015.

**NEW ORLEANS, LOUISIANA**, this  10th  day of November, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] Rec. Doc. 90.