**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DANNY PATTERSON**                                    **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 13-337**

**BLUE OFFSHORE BV, et al.**                           **SECTION: "G" (3)**

## ORDER

This litigation arises from an accident that occurred at sea off the coast of Russia.[1] Pending before the Court is Plaintiff Danny Patterson's ("Patterson") "Motion and Incorporated Memorandum to Certify as Final Judgment Under FRCP 54 (b)."[2] Having considered the motion, the memorandum in support, the memorandum in opposition, and the recent stipulation to the motion by the parties who have appeared, the Court will grant the motion.

## I. Background

**A.    *Factual Background***

Patterson alleges that he injured his knee and leg on August 21, 2012 while working for Blue Offshore as a Jones Act seaman on the vessel "M/V Simon Stevin," then located off the coast of Russia.[3] Patterson, claiming negligence, alleges that Defendants Blue Offshore BV, Aker Solutions, Inc. ("Aker"), and FMC Technologies, Inc. ("FMCTI") "jointly and severally" caused his injuries, which rendered him unfit for duty.[4] In an amended complaint, Patterson identifies FMC Eurasia, LLC, FMC Kongsberg Subsea AS ("FMC Kongsberg"), and Aker Subsea AS ("Aker Subsea") as

---

[1] Rec. Doc. 1; Rec. Doc. 73.

[2] Rec. Doc. 148.

[3] Rec. Doc. 1 at p. 2; Rec. Doc. 20 at p. 1.

[4] Rec. Doc. 1 at 2–3, 5.

1

likewise "indebted unto [him] for all damages to which he is entitled to receive[.]"[5]  Patterson alleges that FMCTI, FMC Eurasia, LLC, FMC Kongsberg, Aker, and Aker Subsea served as contractors charged with providing sub-sea umbilical equipment and/or technical supervision on the project where he sustained his injuries while working for Blue Offshore, and that each defendant is liable to him in connection with their performance of their role in the project.[6] As of this date, Patterson has not served FMC Eurasia, LLC despite having added it has a defendant two years ago.

**B.    *Procedural Background***

Patterson filed the present lawsuit on February 22, 2013.[7] On July 11, 2013, Patterson amended his complaint to allege that he is a resident of Texas, that his injury occurred off of the coast of Russia, and requested a trial by jury.[8] On May 13, 2014, Patterson, with leave of Court, amended his complaint again, adding FMC Eurasia, LLC, FMC Kongsberg, and Aker Subsea as defendants.[9] On July 6, 2015, the Court granted FMC Kongsberg's "Re-Urged Motion [to] Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)," and Aker Subsea's "Motion to Dismiss" on the grounds that the Court lacks personal jurisdiction over the defendants.[10]

On August 4, 2015, prior to filing the instant motion, Patterson filed Notices of Appeal, seeking review of the Court's July 6, 2015 Order and Reasons granting Aker Subsea and FMC

---

[5] Rec. Doc. 73 at pp. 1–2.

[6] Rec. Doc. 1 at pp. 3–4; Rec. Doc. 73 at pp. 1–2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 20.

[9] Rec. Doc. 73.

[10] Rec. Doc. 145.

Kongsberg's motions to dismiss.[11] In Patterson's motion, Patterson stated that both FMC Kongsberg and Aker Subsea opposed the motion.[12] FMC Kongsberg filed an opposition on August 11, 2015.[13] On May 2, 2016, the Fifth Circuit issued an order granting Patterson's unopposed motion to dismiss the appeal as to appellee FMC Kongsberg.[14] The Fifth Circuit stayed the appeal as to appellee Aker Subsea pending this Court's disposition of the instant motion.[15]

On May 3, 2016, the Court contacted the parties by email, noting that the only party that had filed an opposition to the instant motion, FMC Kongsberg, had since been dismissed, and requesting that the parties inform the Court whether any other party opposes the motion at this time.[16] Aker Subsea responded to the Court's email stating that it did not oppose the instant motion.[17] The Court did not contact FMC Eurasia, LLC, also alleged to be a foreign corporation, as it has not yet been served and so has not made an appearance.

## II. Parties' Arguments

### A.   *Patterson's Arguments in Support of Rule 54(b) Certification*

Patterson requests that the Court certify as a Federal Rule of Civil Procedure 54(b) judgment its Order and Reasons[18] granting Defendant FMC Kongsberg's "Re-Urged Motion [to] Dismiss for

---

[11] Rec. Docs. 149, 150.

[12] *Id.*

[13] Rec. Doc. 151.

[14] Rec. Doc. 155.

[15] *Id.*

[16] *See* attached correspondence.

[17] *Id.*

[18] Rec. Doc. 145.

Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)" and Aker Subsea's "Motion to Dismiss."[19] Patterson asserts that a final Rule 54 judgment as to these defendants is appropriate because all claims against those two parties have been dismissed due to lack of personal jurisdiction.[20]

## B.   *FMC Kongsberg's Arguments in Opposition to Rule 54(b) Certification*

In opposition, FMC Kongsberg asserts that Federal Rule of Civil Procedure 54(b) provides for an entry of a final judgment as to some but not all claims in a lawsuit "if the court expressly determines that there is no just reason for delay."[21] FMC Kongsberg asserts that in determining whether no just reason for delay exists, the Court should weigh the potential inconvenience and cost of piecemeal review against the potential danger of hardship or injustice through delay that would be alleviated by immediate appeal.[22] FMC Kongsberg contends that Rule 54 certification "is not to be granted routinely, or as a courtesy to counsel or the parties, but only when an immediate appeal is necessary to alleviate a danger of hardship or injustice."[23] FMC Kongsberg asserts that in light of the disfavored nature of Rule 54(b) certification, it is incumbent on Patterson to show why certification of the Court's July 6, 2015 is appropriate; however, Patterson has made no effort to do so.[24] FMC Kongsberg contends that Patterson has not identified any hardship or injustice that would result from requiring him to appeal the Court's July 6, 2015 Order and Reasons following the

---

[19] Rec. Doc. 148.

[20] *Id.*

[21] Rec. Doc. 151.

[22] *Id.* at 3 (citing *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000)).

[23] *Id.* at 3–4 (citing *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

[24] *Id.* at 4.

4

conclusion of the entire case.[25]

Furthermore, FMC Kongsberg asserts that in deciding whether to grant Rule 54(b) certification, courts must also take into account judicial administrative interests, as well as the equities involved, factors that it asserts do not support Rule 54(b) certification.[26] FMC Kongsberg contends that there is no justification in this case for the abandonment of the federal policy against piecemeal appeals.[27] It asserts that although Patterson may suggest that another trial may be required if the Court's Order and Reasons were to be reversed following conclusion of the case, that fact should not outweigh the fact that if certification is granted, piecemeal appeals certainly will result.[28] FMC Kongsberg also asserts that in considering judicial administrative interests, courts should consider whether an appellate court will have to decide the same issues more than once.[29] FMC Kongsberg asserts that the Court, in its Order and Reasons, dismissed Patterson's claims against it and Aker Subsea on the grounds that it lacked personal jurisdiction over those defendants.[30] FMC Kongsberg contends that the issue of personal jurisdiction is likely to arise again in the litigation because FMC Kongsberg and Aker Subsea are not the only foreign entities sued by Patterson.[31] FMC Kongsberg asserts that Patterson has not yet perfected service of process upon another foreign defendant, FMC Eurasia, LLC, but when service is made, FMC Eurasia, LLC will likely file a

---

[25] *Id.* at 5.

[26] *Id.* (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980)).

[27] *Id.*

[28] *Id.* at 5–6.

[29] *Id.* (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).

[30] *Id.*

[31] *Id.*

motion to dismiss based upon lack of personal jurisdiction.[32] According to FMC Kongsberg, if the Court's order on FMC Eurasia, LLC's motion is appealed as well, this could result in a total of three separate appeals being filed.[33]

FMC Kongsberg also contends that although Patterson has not suggested any inequity in requiring him to wait until the entire case is resolved before appealing the Court's Order, counsel for FMC Kongsberg, who also represents Defendant FMC Technologies, is required to litigate the case at both the trial and appellate levels simultaneously.[34] FMC Kongsberg argues that such results are another reason why Rule 54(b) judgments are disfavored.[35]

FMC Kongsberg also contends that a court in deciding whether to certify pursuant to Rule 54(b) should consider miscellaneous factors such as delay, shortening the time of trial, and expense.[36] FMC Kongsberg asserts that it expects Patterson to delay the trial until his appeal is resolved, despite the fact that the case has already been pending for two and a half years.[37] In addition, FMC Kongsberg contends that it will be more costly to engage in successive appeals rather than wait until the case is concluded to appeal all appealable rulings.[38]

---

[32] *Id.*

[33] *Id.* at 6–7.

[34] *Id.* at 7.

[35] *Id.* (citing *Resolution Trust Corp. v. Evans*, Civ. A. No. 92-0756, 1994 WL 43818, at *1 (E.D. La. Feb. 9, 1994) (Livavdais, J.)).

[36] *Id.* (citing *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994)).

[37] *Id.*

[38] *Id.*

### III. Law and Analysis

**A.     *Standard of Review***

Federal Rule of Civil Procedure 54(b) empowers the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties."[39] The first inquiry the Court must make is whether it is dealing with a "final judgment."[40] It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[41] Second, "having found finality, the district court must go on to determine whether there is any just reason for delay."[42] Rule 54(b) requests should not be granted routinely,[43] and in making the determination regarding whether there is any just reason for delay, a court must consider the judicial administrative interests as well as the equities involved.[44] Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals."[45] The propriety of a Rule 54(b) certification is reviewable by the Fifth Circuit for abuse of discretion.[46]

---

[39] Fed. R. Civ. P. 54(b).

[40] *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

[41] *Id.*

[42] *Id.* at 8.

[43] *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002); *PYCA*, 81 F.3d at 1421.

[44] *Curtiss–Wright Corp.*, 446 U.S. at 8.

[45] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (internal quotation marks omitted) (quoting *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

[46] *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (finding that a district court's certification of a denial of a motion to amend was improper because "[t]he district court's certification articulates no hardship or danger warranting immediate appeal of this nondispositive motion" and

**B.**     *Analysis*

Patterson appeals the Court's Order and Reasons granting FMC Kongsberg and Aker Subsea's motions to dismiss on the grounds that the Court lacks personal jurisdiction over these defendants.[47] The Court's Order and Reasons dismissed all of Patterson's claims against FMC Kongsberg and Aker Subsea, but did not dismiss all of the parties. Therefore, the Court's decision is both a decision upon a cognizable claim for relief and "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[48] Accordingly, the first inquiry is satisfied.

The second inquiry requires the Court to determine whether there is any just reason for delay.[49] In support of his motion for Rule 54(b) certification, Patterson asserts only that the claims against two of the defendants in the case have been dismissed and therefore a Rule 54(b) judgment is appropriate.[50] However, as stated above, Rule 54(b) requests should not be granted routinely and are appropriate only after considering the judicial administrative interests, as well as the other equities involved.[51] Patterson offers no reason that distinguishes this case from any other case in which the Court dismisses fewer than all defendants from a case. Nor does Patterson assert any hardship or injustice that he will suffer if his motion is denied.

Prior to the Fifth Circuit's Order dismissing the appeal against it, FMC Kongsberg offered

---

because the denial of leave to amend was not final for purposes of appeal).

[47] Rec. Doc. 145.

[48] *Id.*

[49] *Curtiss–Wright Corp.*, 446 U.S. at 8. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (determining that the district court's order granting summary judgment on all of the claims against one defendant, such that the defendant was no longer a party before the court, was properly on appeal pursuant to Rule 54(b) where there were other parties remaining in the case).

[50] Rec. Doc. 148 at 1.

[51] *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002); *PYCA*, 81 F.3d at 1421.

8

several arguments in opposition to the instant motion.[52] FMC Kongsberg argued that Patterson had yet to effect service of process upon FMC Eurasia, LLC, another foreign entity that would likely also file a motion to dismiss for lack of subject matter jurisdiction.[53] The Supreme Court in *Curtiss-Wright Corp. v. General Electric Co.* stated that judicial administrative interests include whether the appellate court will have to decide the same issues more than once.[54] Here, if there were subsequent appeals, the appellate court would have to review the personal jurisdiction issues regarding several different parties in the same case in separate appeals. Turning to the equities, FMC Kongsberg asserts that a Rule 54(b) certification would require counsel to litigate simultaneously in the trial court and appellate level.[55] Although FMC Kongsberg has now been dismissed from the case, it appears that counsel for Aker Subsea is in the same position that FMC Kongsberg was because the same counsel represents both Aker Subsea as well as Aker Solutions Inc., parties that are now litigating at both the appellate and trial level.

---

[52] Rec. Doc. 148.

[53] Rec. Doc. 151 at 6.

[54] 446 U.S. 1, 7 (1980).

[55] Rec. Doc. 151 at 7.

## IV. Conclusion

The only party that filed an opposition to the motion has now been dismissed. Aker Subsea has represented to the Court that it does not oppose the instant motion.[56] Furthermore, it does not appear that Defendant FMC Eurasia, LLC has been served and perhaps never will be. In light of these considerations, the Court concludes that there is no just reason for delay and therefore certifies its Order and Reasons regarding lack of personal jurisdiction over FMC Kongsberg and Aker Subsea as a final judgment pursuant to Rule 54(b).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Patterson's "Motion and Incorporated Memorandum to Certify as Final Judgment Under FRCP 54 (b)"[57] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  _3rd_  day of May, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *See* attached correspondence.

[57] Rec. Doc. 148.



RE: No. 13-337, Patterson v. Blue Offshore BV, et al.
James D. Prescott, III
to:
eFile-Brown@laed.uscourts.gov, tjy@theyoungfirm.com, macfej1@nationwide.com,
mcm@theyoungfirm.com, tdh@theyoungfirm.com, Tblyon@tedlyon.com, David Bland,
Mallory G. Wynne, Matt Guy, egieger@glllaw.com, lmcaloon@glllaw.com,
tclement@glllaw.com
05/03/2016 12:39 PM
Hide Details
From: "James D. Prescott, III" <jprescott@blandpartners.com> Sort List...
To: "eFile-Brown@laed.uscourts.gov" <eFile-Brown@laed.uscourts.gov>,
"tjy@theyoungfirm.com" <tjy@theyoungfirm.com>, "macfej1@nationwide.com"
<macfej1@nationwide.com>, "mcm@theyoungfirm.com" <mcm@theyoungfirm.com>,
"tdh@theyoungfirm.com" <tdh@theyoungfirm.com>, "Tblyon@tedlyon.com"
<Tblyon@tedlyon.com>, David Bland <dbland@blandpartners.com>, "Mallory G. Wynne"
<mwynne@blandpartners.com>, Matt Guy <mguy@blandpartners.com>,
"egieger@glllaw.com" <egieger@glllaw.com>, "lmcaloon@glllaw.com"
<lmcaloon@glllaw.com>, "tclement@glllaw.com" <tclement@glllaw.com>

Aker Subsea AS does not oppose Plaintiff's Motion to Certify the judgment dismissing it as final pursuant to FRCP 54(b).

James Prescott

**From:** Delia_McCarthy@laed.uscourts.gov [mailto:Delia_McCarthy@laed.uscourts.gov] **On Behalf Of** eFile-Brown@laed.uscourts.gov
**Sent:** Tuesday, May 3, 2016 10:48 AM
**To:** tjy@theyoungfirm.com; macfej1@nationwide.com; mcm@theyoungfirm.com; tdh@theyoungfirm.com; Tblyon@tedlyon.com; David Bland <dbland@blandpartners.com>; James D. Prescott, III <jprescott@blandpartners.com>; Mallory G. Wynne <mwynne@blandpartners.com>; Matt Guy <mguy@blandpartners.com>; egieger@glllaw.com; lmcaloon@glllaw.com; tclement@glllaw.com
**Subject:** No. 13-337, Patterson v. Blue Offshore BV, et al.

The Court has been notified that the Fifth Circuit has stayed the appeal in this case pending this Court's disposition of Plaintiff's motion to certify judgment as final under Federal Rule of Civil Procedure 54(b). In his motion to certify judgment, Plaintiff stated that both FMC Kongsberg and Akers Subsea AS oppose the motion, however only FMC Kongsberg filed an opposition. It appears that FMC Kongsberg has been dismissed from the case. Please inform the Court whether any other party opposes the motion at this time so that the Court can set a briefing schedule or proceed to decide the pending motion.